Milton A. Friedman Judge Circuit Court Miami
QUESTION:
Do the mandatory retirement requirements of s. 8, Art. V, State Const., apply to a circuit judge who was a municipal judge on July 1, 1957?
SUMMARY:
The mandatory retirement requirements of s. 8, Art. V, State Const., apply to a circuit judge who was a municipal judge on July 1, 1957.
Section 8, Art. V, State Const., provides in pertinent part that `[n]o justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one-half of which he has served.' The schedule to Article V states at s. 20(e)(2) that this mandatory retirement provision does not apply to a `justice or judge holding office immediately after this article became effective who held judicial office on July 1, 1957.' Thus, the answer to your question requires a determination as to whether a person who was a municipal judge on July 1, 1957, was a `justice or a judge' and held a `judicial office' prior to the abolition of municipal courts pursuant to the provisions of s. 20(d)(4), Art. V, State Const., within the meaning and purview of s. 20(e)(2), Art. V of the Constitution.
Section 12, Art. X, State Const., sets forth rules of construction to be used in construing the 1968 Constitution, unless qualified in the relevant text thereof. Section 12(f), Art. X, specifies that `[t]he terms `judicial office,' `justices,' and `judges'shall not include judges of courts established solely for the trial of violation of ordinances.' (Emphasis supplied.) Moreover, nothing contained in s. 8, Art. V, and more particularly s. 20(e), Art. V, State Const., qualifies the exclusion set forth in s. 12(f), Art. X, Instead, s. 12(f), Art. X, defines the terms `judicial office' and `judge' used throughout Article V. Neither s. 8 nor s. 20(e) of Article V purports in any manner to define or qualify the terms used at s. 12(f), Art. X, and, therefore, the rule of construction set forth at s. 12(f), is applicable to ss. 8 and 20(e).
Since the only courts in Dade County which were established solely for the trial of violation of municipal ordinances were themunicipal courts of the several municipalities within Dade County, it appears that the mandatory retirement provisions of s. 8, Art. V, State Const., are applicable to you; i.e., s. 20(e)(2) of Article V does not in terms operate to except or exempt municipal judges from the operative force of s. 8, Art. V.
You state in your inquiry that `I was a municipal judge in 1957.' For purposes of this opinion, I assume that you were in fact and in law a municipal judge or a judge of a municipal court duly created by legislative act or municipal charter act. No opinion is expressed as to the former Metropolitan Court of Dade County, abolished pursuant to the provisions of s. 20(d)(1), Art. V, State Const., or the judges thereof. See s. 20(d)(5), Art. V, and seealso s. 20(c)(4), Art. V. For the proposition that such metropolitan court was not considered to be a municipal court see
County of Dade v. Saffan, 173 So.2d 138 (Fla. 1965).
In AGO 075-265 this office held that a county court judge who held the office of justice of the peace on July 1, 1957, was eligible for reelection although he would attain the age of 70 before he completed one-half of his term in office. That opinion observed that the then justices of the peace under the 1885 Constitution and implementing statutes were not limited to the trial of violations of ordinances and such officers were a part of the judicial system of the state and held `judicial office,' and that the courts and the Legislature had so treated them. Cf. AGO 074-203 holding that under s. 8 and s. 20(d)(2), Art. V, a person aged 70 or over was not qualified to run for election as a circuit judge even though he was serving as a temporary tenure circuit court judge for the remainder of a term to which he was elected as judge of a court enumerated in and abolished by s. 20(d)(2), Art. V of the State Constitution. State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562 (Fla. 1973).
Prepared by: Sharyn L. Smith, Assistant Attorney General